Andrews, J.
All the grounds upon which it is claimed that this proceeding is irregular and void have been presented to the court in support of various applications heretofore made herein, and have been decided to be untenable. I concur in such decisions ; and, as the judges who have passed upon such applications have filed opinions, giving their reasons for the decisions made by them, I do not see that it would subserve any useful purpose if I were to repeat or add to the reasons so given in another opinion. So far as those grounds are concerned, therefore, this application should be denied. I am also of the opinion that the application cannot be sustained upon the ground that the commissioners failed to make a proper award to John Schreyer, for the following reasons : First. This proceeding has been pending for some years, and no sufficient excuse is presented by Schreyer for his failure to file objections within the time fixed by statute. Secondly. After the expiration of such time, Schreyer applied to this court for an order requiring the commissioners to receive his objections, and such application was denied, and no appeal was taken by him from the order thereupon entered. It would be an extraordinary and inconsistent exercise of power if the court, after refusing that application, should now vacate the order confirming the report of the commissioners, and, at this late day, require them to receive and consider Schreyer’s objection. If the decision upon such former application was correct, it is decisive against the present one; if it was not correct, an appeal should have been taken from the order entered thereon. Thirdly. I do not think that an application of this character can be made on notice to the corporation counsel only. The rights of the property owners who have been assessed for the improvement have become fixed by the order of this court confirming the report of the commissioners. If this application should be granted, and a large award should be made to Schreyer, the assessments would necessarily have to be materially increased. This is, in. effect, an ex joarte application to vacate a judgment which limits the liability of the persons who have been assessed. It is not authorized by any statute, and I do not see how it can be entertained, unless all such persons have notice of the application. Fourthly. One Houghton, whose property was similarly situated to that of the plaintiff, filed objection in time, was represented by counsel, submitted evidence, and received a. nominal award only. Moreover, Houghton’s objections to such nominal awards were urged upon the court when the report of the commissioners was presented for confirmation, but such objections were overruled, and the report confirmed. Of course, Schreyer, if given a further opportunity, might make a different, and perhaps a better, case before the commissioners than Hough *886 ton did; but this application is addressed to the sound discretion of the court, and, when the court is asked to reopen a proceeding which has been pending for six years, and to thus further delay a public improvement, the fact that Houghton has litigated the identical question which Schreyer desires to litigate, and, so far at least, has been defeated, is entitled to some consideration. Moreover, an appeal was taken from the order confirming the commissioners’ report, which has not yet been argued. As I understand the matter, the attorney who represents Schreyer in this proceeding controls that appeal; and, at all events, the special term of the court ought not to interfere with the order of confirmation until the appeal from that order has been heard and decided, so that the judge holding special term may have the benefit of knowing what the views of the general term are upon the case presented by Houghton. Motion in all respects denied, with ten dollars costs.
J. A. Deering, for app’lt; Carroll Berry, for resp’t.
Van Brunt, P. J.
All the questions raised upon this appeal arising from the denial of the motion to set aside the report of the commissioners of estimate and assessment have been considered in cases decided herewith; and so far as the appeal brings up the question as to the propriety of the denial of the motion for an order directing the commissioners to take testimony in respect to the claim of the appellant for compensation for his land taken for said avenue, we concur in the conclusion arrived at by the lea'rned judge below for the reasons stated in his opinion.
We think that it is entirely clear that the motion should have been denied both upon the ground of loches and upon the ground that the court should not disturb the rights which were supposed to be fixed by the order of the court confirming the report of the commissioners without notice to all the parties interested.
The order should be affirmed, with costs.
O’Brien and Lawrence, JJ., concur.